UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. FAWCETT, | : | Case No. 4:04-cv-2448 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

This matter arises on two filings: (1) *Bill of Costs* (Doc. 20), in which Plaintiff seeks $159.30 in litigation costs; and (2) *Petition for Award of Attorney Fees Pursuant to E.A.J.A. by Counsel for Plaintiff* ("EAJA Petition") (Doc. 21), in which Plaintiff seeks an award for attorney's fees at an enhanced rate of $225 per hour. The Commissioner of Social Security ("Commissioner") has opposed only the EAJA Petition (Doc. 23), and only to the extent the EAJA Petition seeks an enhanced hourly rate in its fee calculation. Plaintiff has filed a reply (Doc. 25), and the Commissioner has filed a sur-reply (Doc. 27).[1]

For the reasons outlined below, Plaintiff's Bill of Costs (Doc. 2) is **GRANTED**, and Plaintiff's EAJA Petition (Doc. 21) is **GRANTED in part and DENIED in part**. Plaintiff is entitled to an award for attorney's fees but not an award based on the requested enhanced hourly rate.

---

[1] All of these filings followed the Court's order vacating an administrative law judge's ("ALJ") decision and remanding this case back to the ALJ for proper evaluation of certain evidence. *See* Doc. 19. Because the Commissioner opposes only the *amount* of fees requested, the Court need not engage in a lengthy discussion of whether a fee award is appropriate in this case.

I.   **BILL OF COSTS**

Plaintiff previously filed a Bill of Costs (Doc. 17). The Commissioner opposed that filing on the basis that it was premature (Doc. 18). While the Court agreed with the Commissioner at that time, it noted that Plaintiff could seek costs in the future at an appropriate time. *See* Doc. 19. Plaintiff has done so *via* the instant filing. The Commissioner does not object to Plaintiff's current request for costs. Accordingly, Plaintiff's Bill of Costs (Doc. 20) for $159.30 is GRANTED.

II.  **EAJA PETITION**

Plaintiff's EAJA Petition seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), to be paid by the Commissioner (*i.e.*, the "losing party"). Plaintiff argues that he is entitled to an award of attorney's fees based on an enhanced hourly rate of $225 per hour, because a "special factor" exists under 28 U.S.C. § 2412(d)(2)(A)(ii) that justifies the higher rate. Plaintiff requests a total of $6,500.25, which includes fees for attorney and paralegal services.[2] The Commissioner opposes Plaintiff's request only to the extent it seeks fees calculated at an "enhanced" hourly rate. The Commissioner does not argue that: (1) EAJA fees are improper; (2) application of a reasonable cost of living increase above the statute's maximum rate of $125 per hour is improper;[3] or (3) the number of hours for which reimbursement is sought is improper (except

---

[2]   Plaintiff originally sought a total of $4,142.25 in fees – *i.e.*, $4,083.75 for attorney services (18.15 hours @ $225 per hour) and $58.50 for paralegal services (1.3 hours @ $45 per hour). In Plaintiff's reply brief (Doc. 25), Plaintiff requests an additional $2,358.00 in fees – *i.e.*, $1,800.00 for attorney services (8 hours @ $225 per hour) and $558.00 for paralegal services (12.4 hours @ $45 per hour). Plaintiff seeks these additional fees as reimbursement for her preparation of a reply brief.

[3]   For example, the Commissioner "would not object to an award of $147 [per hour], reflecting an increase in the cost of living, as has been generally used recently in Plaintiff's area." Doc. 23 at p. 3.

for the "additional" hours expended preparing a reply brief.[4] Accordingly, the Court need only determine what hourly rate is reasonable under the circumstances of this case.

    **A.**    **Law**

The fees at issue here are directly governed by 28 U.S.C. § 2412 (d)(1) and (2). In relevant part, that statute provides:

> (d)(1)(A)    Except as otherwise specifically provided by statute, a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Among other things, a party seeking EAJA fees must demonstrate that it is a prevailing party and is eligible to receive a fee award. 28 U.S.C. § 2412 (d)(1)(B). That application must include, for example, the amount sought and an itemized statement outlining the actual time expended and the rate at which the requested fees (and other expenses) were computed. *Id*. As noted, these issues are not disputed in this case.

With regard to the determination of an appropriate hourly rate, the statute goes on to provide that "fees and other expenses" include *reasonable* attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," *except that*:

> (ii)    attorney fees <u>shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor</u>, such as the limited availability of qualified attorneys for the proceedings involved, <u>justifies a higher fee</u>.

28 U.S.C. § 2412 (d)(2)(A)(ii) (emphasis added). This is the provision at issue in the instant matter.

---

[4]    As noted, Plaintiff seeks an additional $2,358.00 for attorney and paralegal hours expended preparing a reply brief. The Commissioner argues that these hours should not be included, because they were unnecessary.

3

Plaintiff argues that he is entitled to an award for attorney's fees at more than the statutory maximum rate of $125 per hour because, in addition to a cost of living increase, a "special factor" justifies an enhancement. While the Commissioner does not object to the Court applying a cost of living adjustment, she argues that there is no "special factor" present under the circumstances of this case.

The United States Supreme Court interpreted the "special factor" exception of the EAJA in *Pierce v. Underwood*, 487 U.S. 552, 571-74 (1988). In *Pierce*, the Court affirmed a district court's award of attorney's fees in a class action brought under the Housing and Community and Development Act of 1974, but vacated the judgment as to the amount of the award after concluding that none of the reasons relied upon by the district court to increase the rate of reimbursement above the statutory maximum was a "special factor." *Id.* at 574.

In reaching its decision, the *Pierce* Court first explained the meaning of the "special factor" explicitly set forth in the EAJA, *i.e.*, the exception for enhancement of fees when there is a "limited availability of qualified attorneys for the proceedings involved." *Id.* at 571-72. The Court noted that if this provision "meant merely that lawyers skilled and experienced enough to try the case are in short supply, it would effectively eliminate the . . . cap – since the 'prevailing market rates for the kind and quality of the services furnished' are obviously *determined* by the relative supply of that kind and quality of services." *Id.* at 571 (emphasis in original). "'Limited availability' so interpreted would not be a 'special factor,' but a factor virtually always present when services with a market rate of more than [the statutory cap] have been provided." *Id.* at 571-72. Consequently, the Court concluded that if the statutory maximum rate was to retain its intended effectiveness, the special factor exception based on the "'limited availability of qualified attorneys for the proceedings involved' <u>must refer to attorneys 'qualified for the proceedings' in some specialized sense, rather</u>

4

than just in their general legal competence." *Id.* at 572 (emphasis added). The Court wrote:

> We think [the limited availability special factor exception] refers to attorneys having some <u>distinctive</u> knowledge or <u>specialized</u> skill <u>needful</u> for the litigation in question – as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language. Where such qualifications are necessary and can be obtained only at rates in excess of the . . . cap, reimbursement above that limit is allowed.

*Id.* (emphasis added).

The *Pierce* Court then discussed how the other reasons relied upon by the district court to enhance the amount of the award for attorney's fees did not constitute "special factors." *Id.* at 573. While the Court declined to specify any examples, the Court explained that the "special factors" contemplated in the EAJA must not consist of factors that are of "broad and general application." *Id.* Specifically, the Court noted that the factors cited by the district court were "factors applicable to a broad spectrum of litigation" and thus were not "special factors" justifying enhancement under the EAJA. *Id.* at 573-74. These factors included the following: (1) the novel and difficulty of the issues involved; (2) the undesirability of the case; (3) the work and ability of counsel; (4) the results obtained; (5) the customary fees and awards in other cases; and (6) the contingent nature of the fee. *Id.*

**B.     Discussion**

The papers submitted in the parties' <u>four</u> briefs are lengthy in light of the issue presented and the relatively minimal (even if the recommended enhanced rate were used) amount of fees sought. For the reasons outlined below, the Court finds that, while Plaintiff is entitled to an enhanced award for attorney's fees under the EAJA based on an increase in the cost of living (as the parties agree), he is not entitled to an award based on the requested enhanced rate of $225 per hour. This is not a case in which Section 2412(d)(2)(A)(ii)'s "special factor" requirement is satisfied – at least not based

upon the reasons presented by Plaintiff.

### 1. Preliminary Issues

The Court briefly addresses two preliminary matters before turning to the primary issue presented in the instant motion. First, Plaintiff relies heavily on a 2004 decision from another judicial officer of this Court where this same plaintiff's counsel was awarded attorney's fees under the EAJA at the enhanced rate of $225. *See Lisko v. Commissioner of Social Security*, Case No. 4:03cv98 at Doc. 30 (Wells, J.). The Court based its decision partially on the scarcity of qualified social security lawyers in the geographic area. *Id.* As the Court in *Lisko* expressly noted, however, the enhanced fee award was appropriate "[g]iven the particular circumstances of [that] case." *Id.* at Doc. 36, p. 4 (separate order denying motion to alter judgment wherein Court revisited the fee issue). Specifically, the Court found that the complicated nature of the issues presented in that case required a level of expertise that the Court felt was not readily available in that region. *See id. Lisko* is therefore limited to the facts presented in that case, which are distinguishable from the relevant facts presented here. Further, the EAJA does not state that a particular attorney is always entitled to an enhanced hourly rate, but instead provides that an enhancement is warranted only in specific cases. *See Pierce*, 487 U.S. at 571-74.

Second, Plaintiff requests an award based on "additional fees" for 8 attorney hours and 12.4 paralegal hours incurred during preparation of the reply brief. Most, if not all, of the additional fees derive from the admittedly tedious review of documentation regarding the number of attorneys in Trumbull and Mahoning counties who identify themselves as social security practitioners. The Commissioner argues in response that her primary opposition to the enhanced hourly rate is that this case did not require a specialist in social security law; such that, the number of social security law

6

specialists in a given area is irrelevant.[5] Given the Court's conclusions outlined below, the Court agrees that most of the additional 20+ hours of work by Plaintiff's counsel and her paralegal was unnecessary. Preparation of the reply brief itself, however, cannot be said to have been completely unnecessary – even though the Court rejects the arguments contained therein. Accordingly, the Court finds that an award which includes 3.5 additional attorney hours (at the rate determined below) and 4 additional paralegal hours is appropriate for inclusion in the EAJA fee award.

### 2. "Special Factor" Analysis

Plaintiff's primary argument is that a "higher fee is justified due to [Plaintiff's] counsel's [23 years of] experience in the field" of social security law. Doc. 22 at p. 2 (emphasis added). Presumably then, Plaintiff believes that his counsel is entitled to an enhanced hourly rate in every EAJA-qualifying social security case she handles. In addition, Plaintiff states that "[a] higher fee is also justified due to the limited number of attorneys" who handle social security cases in his geographical area. *Id*. (emphasis added). In total, Plaintiff presents four arguments in support of the view that a "special factor" exists to justify an enhanced hourly rate. The Court briefly addresses each in turn, none of which justifies the requested enhancement.

#### a. Limited Availability of Qualified Attorneys

First, as suggested above, Plaintiff primarily argues, albeit not explicitly, that the "special factor" exception based on the "limited availability of qualified attorneys for the proceedings

---

[5] The Commissioner also objects to the fact Plaintiff asserts for the first time in his reply brief that enhanced fees are appropriate because the Commissioner engaged acted in "bad faith." The Court summarily rejects counsel's "bad faith" argument as both untimely and unfounded.

7

involved" justifies the requested enhanced hourly rate.[6] Plaintiff essentially argues that his counsel is a "qualified attorney" for the "proceedings involved" because: (1) her significant federal court experience with regard to articulating arguments in social security cases, including her experience "charting . . . dynomometer readings"; and (2) her status as a member of the National Organization of Social Security Claimants' Representatives ("NOSSCR"). *See* Doc. 21-2 at p. 2. Further, Plaintiff contends that there is only a limited number of qualified attorneys in the Youngstown-Warren, Ohio area who "specialize" in social security cases at the federal level. Specifically, Plaintiff's counsel claims that as of November 2005, only 3 of the approximately 3,782 members of NOSSCR practice in the Youngstown-Warren area (*i.e.*, the geographical region at issue here) and that no sustaining members of NOSSCR are located in Trumbull County (*i.e.*, where Plaintiff lived at the time of filing the complaint). *See id.*[7] In response, the Commissioner argues that: (1) social security law does not qualify as a "specialized" practice area for purposes of the EAJA under *Pierce*; and (2) even if expertise in social security law may be necessary in specific cases, Plaintiff's action did not require a social security "specialist."

      The Court agrees with the Commissioner. While Plaintiff's counsel is surely an experienced

---

[6] Plaintiff's briefs did not clearly set out the applicable law. For example, in the sections of Plaintiff's supporting memorandum devoted to identifying and explaining what "special factors" exist to justify the requested enhanced hourly rate, Plaintiff did not cite or discuss the specific statutory provision of the EAJA at issue (28 U.S.C. § 2412 (d)(2)(A)(ii)), nor the Supreme Court's interpretation of that provision in *Pierce*. *See* Doc. 22.

[7] Plaintiff's counsel also states that "there are three attorneys who practice Social Security/SSI disability law in the federal court system in the Northern District of Ohio who maintain offices in Mahoning County" and that "only two attorneys [including herself] currently practice Social Security/SSI disability in the Northern District of Ohio and who are sustaining members of NOSSCR." Doc. 25-2 at p. 1.

8

social security practitioner, she does not possess "<u>distinctive</u> knowledge or <u>specialized</u> skill <u>needful</u> for the litigation in question" to justify the requested enhanced hourly rate under the EAJA. *Pierce*, 487 U.S. at 572 (emphasis added). "[A] case requires 'specialized expertise' within the meaning of the EAJA only when it requires some knowledge or skill that cannot be obtained by a competent practicing attorney through routine research or legal experience." *Healey v. Leavitt*, 485 F.3d 63, 70 (2d Cir. 2007). Most courts have held, at least in the context of routine social security cases, that an attorney's expertise in social security law is insufficient to warrant an enhancement under the EAJA. *See, e.g.*, *Hyatt v. Barnhart*, 315 F.3d 239, 249-53 (4th Cir. 2002) ("[E]xpertise in social security law would be of the type that is possessed or easily acquired by reasonably competent attorneys licensed to practice law."); *Raines v. Shalala*, 44 F.3d 1355, 1359-62 (7th Cir. 1995) ("[T]he area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment in excess of the [statutory] rate."); *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) ("The fact that [plaintiff's] attorney is experienced in social security cases does not in itself warrant a fee in excess of the statutory rate."); *Chynoweth v. Sullivan*, 920 F.2d 648, 650 (10th Cir. 1990) ("We cannot say that the law of Social Security benefits falls sufficiently outside the mainstream of general legal practice to be automatically entitled to enhancement under 28 U.S.C. § 2412 (d)(2)(A)(ii).").[8] While the Sixth Circuit has not addressed

---

[8] *See also Healey*, 485 F.3d at 68-71 (holding that the district court abused its discretion by awarding plaintiffs an enhanced fee under the EAJA in a class action, despite plaintiffs' counsel's extensive experience in the practice of Medicare law, because such administrative law experience did not constitute a "special factor"); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 950-51 (D.C. Cir. 2005) ("[A]n attorney cannot be awarded enhanced fees under the 'special factor' exception based solely on expertise the lawyer acquired through practice in a specific area of administrative law.").

this issue since the Supreme Court's decision in *Pierce*, this Court agrees that expertise in social security law *alone* does not constitute a "special factor" under the EAJA; social security law, while somewhat complex, "is not beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice." *Chynoweth*, 920 F.2d at 650. Accordingly, Plaintiff's counsel's expertise in social security cases, including her experience "charting dynomometer readings" and her status as a member of NOSSCR, does not justify the requested enhanced hourly rate.

Further, the Court finds that Plaintiff's case was not an unusually complex social security matter that required the assistance of an attorney with "specialized expertise," such that there was only a limited number of available qualified attorneys.[9] *See Raines*, 44 F.3d at 1361 (noting that the appropriate inquiry under the EAJA is whether "the individual case presents such an 'unusual' situation that it <u>requires</u> someone of 'specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles'") (quoting *Chynoweth*, 920 F.2d at 650) (emphasis in original). Specifically, contrary to what was indirectly suggested by Plaintiff, there was nothing in Plaintiff's case that <u>required</u>: (1) an attorney with "distinctive knowledge or specialized skill" in social security law, including experience in "charting dynomometer readings";

---

*But see Pirus v. Bowen*, 869 F.2d 536, 540-42 (9th Cir. 1989) (holding that the district court did not abuse its discretion in awarding fees in excess of the statutory cap where plaintiffs' counsel had extensive experience litigating social security class actions <u>and</u> such experience was necessary in that particular class action and could not be obtained elsewhere at the statutory rate).

9     In the underlying action, the Court concluded that the ALJ committed error by neglecting to address or consider the deposition testimony of Plaintiff's treating physician and therefore remanded the case for additional factual determinations by a different ALJ. *See* Doc. 19.

10

or (2) an attorney who was a member of NOSSCR.[10] *See Pierce*, 487 U.S. at 572. In short, Plaintiff's case did not require a social security "specialist." Accordingly, Plaintiff's argument that a "special factor" exists because Plaintiff's counsel could identify only three attorneys in the Youngstown-Warren, Ohio area who practice social security law in the federal courts (*i.e.*, "specialists" in social security law) is not well-taken, and this Court concludes that there was not a "limited number of [available] attorneys qualified for the proceedings involved" in Plaintiff's case under the EAJA. *See id.*

### b. Social Security Administration Factors

Second, Plaintiff argues that the requested enhanced hourly rate is justified by application of the factors considered by the Social Security Administration when evaluating a fee petition. *See* 20 C.F.R. § 404.1725(b)(1). The factors include the following: (1) the extent and type of services the representative performed; (2) the complexity of the case; (3) the level of skill and competence required of the representative in giving the services; (4) the amount of time the representative spent on the case; (5) the results the representative achieved; (6) the level of review to which the claim was taken and the level of the review at which the representative became your representative; and (7) the amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred. *Id.* Plaintiff contends that his counsel's work in this case was "anything but routine" and that she achieved "very favorable results." Doc. 22-1 at p. 4. The Commissioner argues, however, that the Social Security

---

[10] Interestingly, Plaintiff's counsel notes in an affidavit that an attorney in the Youngstown-Warren, Ohio area currently represents Social Security/SSI claimants in the Northern District of Ohio, despite not being a member of NOSSCR. *See* Doc. 25-2 at p. 2.

11

Administration regulation is inapplicable, because the Supreme Court in *Pierce* ruled that the "special factors" contemplated in the EAJA must not consist of factors that are of "broad and general application" like those enumerated in 20 C.F.R. § 404.1725(b)(1). *See Pierce*, 487 U.S. at 573.

The Court agrees with the Commissioner that the Social Security Administration factors cited by Plaintiff do not constitute "special factors" under the EAJA. Specifically, the Court notes that the Supreme Court in *Pierce* explicitly determined that "the results obtained" did not qualify as a "special factor." *Id.* Accordingly, Plaintiff's argument that the requested enhanced hourly rate was justified because his counsel achieved "very favorable results" is unavailing.

### c. Deposition of Plaintiff's Treating Physician

Third, Plaintiff argues that his counsel's specialized skill and experience led to the taking of a key deposition of Plaintiff's treating physician, a tactical decision that Plaintiff maintains was crucial to success in this case. Plaintiff's counsel notes that depositions are rare in social security cases, the clear implication being that such efforts denote specialized or extraordinary skill and/or performance on her part. In response, the Commissioner argues that counsel's taking of a deposition is irrelevant because: (1) it occurred at the administrative level; and (2) every attorney should be able to take a deposition.

The Court agrees that every litigation attorney should be able to take a deposition; further, that depositions are rare in typical social security cases does not mean that lawyers who can take them are entitled to enhanced fees for doing so. The Court is simply unpersuaded that counsel's recognition of the need for a deposition (or that a deposition would at least aid Plaintiff's case) qualifies Plaintiff for an award for attorney's fees based on an enhanced hourly rate. Lawyers, including those who practice in the social security arena, are trained to engage all ethical and

12

legal means in aid of their client's positions. That counsel recognized that a deposition of Plaintiff's treating physician would aid Plaintiff's case is not extraordinary and does not constitute a "special factor" justifying the requested enhanced hourly rate.

### d. Billing

Fourth, Plaintiff argues that, unlike most social security attorneys, his counsel does not bill in quarter-hour increments; rather, she bills in tenths of an hour increments. This argument, however, relates to the reasonableness of the number of hours for which Plaintiff seeks reimbursement for attorney's fees and not the hourly rate applied to those hours. The Commissioner does not challenge the reasonableness of the initially-requested hours, and the Court has already addressed the "reply"-related hours.

### 3. Cost of Living Increase

Having determined that no "special factor" exists to justify an award of attorney's fees at the requested enhanced hourly rate of $225, the Court still must determine whether an enhanced hourly rate is justified by an increase in the cost of living, and if so, how much of an enhancement is reasonable. 28 U.S.C. § 2412 (d)(2)(A)(ii). As noted, the Commissioner does not dispute that an application of a cost of living increase above the statute's maximum rate of $125 per hour is improper. The Commissioner writes, without any further explanation, that she "would not object to an award of $147 [per hour], reflecting an increase in the cost of living, as has been generally used recently in Plaintiff's area." Doc. 23 at p. 3. For his part, Plaintiff merely states that this Court has determined that a cost of living adjustment is appropriate. Plaintiff does not address the Commissioner's proposed rate of $147 per hour, nor does he suggest that another rate based on a cost of living increase is more appropriate. *See* Docs. 22, 25.

The Court agrees with the parties that an increase in the cost of living justifies an award of attorney's fees at an enhanced hourly rate and determines that the Commissioner's proposed rate of $147 per hour is reasonable. While courts sometimes use the consumer price index available from the Bureau of Labor Statistics in the United States Department of Labor to determine the appropriate cost of living adjustment to the EAJA statutory maximum rate of $125 per hour, *see, e.g.*, *Vanderkolk v. Comm'r of the SSA*, No. 1:05-CV-741, 2007 U.S. Dist. LEXIS 96883, *7-*11 (W.D. Mich. Dec. 5, 2007), the parties here do not dispute that $147 is an appropriate hourly rate based on an increase in the cost of living. Accordingly, the Court holds that Plaintiff is entitled to an award of attorney's fees at the enhanced hourly rate of $147.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Bill of Costs* (Doc. 2) for $159.30 is **GRANTED**, and Plaintiff's *Petition for Award of Attorney Fees Pursuant to E.A.J.A. by Counsel for Plaintiff* (Doc. 21) is **GRANTED in part and DENIED in part.** As outlined herein, Plaintiff is entitled to an award for attorney's fees under the EAJA but not an award at the requested enhanced hourly rate. The Court instead finds that, upon application of the cost of living increase proposed by the Commissioner, a reasonable rate under the circumstances of this case is $147 per hour. Accordingly, EAJA attorney's fees in the amount of $3,421.05[11] are hereby **AWARDED** to Plaintiff.

---

[11] This figure derives from the following calculation: 21.65 attorney hours @ $147 per hour and 5.3 paralegal hours @ $45 per hour.

    **IT IS SO ORDERED.**

                                                  <u>s/Kathleen M. O'Malley</u>
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated: July 15, 2008**